480

[Civ. No. 8933.  Second Appellate District, Division One.—July 2, 1934.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Plaintiff, v. JOHN B. DAWSON et al., Defendants; HENRY WEST BROWN et al., Appellants; JULIEN JOSEPHSON et al., Interveners and Respondents.

Dana R. Weller for Appellants.

Lois Webb for Interveners and Respondents.

HOUSER, J.—It appears that the plaintiff brought an action against each of several defendants for the condemnation of their several interests in certain real property, and that in said action Julien Josephson and Vera Josephson intervened for the asserted reason that preceding the date of the commencement thereof the defendants Henry West Brown and Eunice Eilene Brown had purchased from the interveners the particular property then owned by the said defendants and affected by said proceedings, and as a part of the agreement between the defendants and the interveners had executed and delivered to them an instrument in writing, of which the following is a copy:

"This is to advise you that we herewith waive any and all claims, right, title and interest in and to the proceeds accruing from condemnation proceedings against thr Second Street property more particularly known as Lot 2 of the Allison Barlow Tract at 6/150 of Maps that we may have had or might have in the future against the above described property which we are acquiring in the above numbered escrow at the Citizens Trust & Savings Bank, 736 S. Hill Street, Los Angeles, California."

In substance, it was alleged by the interveners that the effect of such instrument was that the said defendants did waive in favor of the interveners "all claims, right, title and interest in and to the proceeds accruing from condemnation proceedings" which the defendants "may have had or might have in the future against the above described

property . . . '' The defendants Brown answered the complaint in intervention; and following a trial of the issues raised by the pleadings, the trial court rendered judgment in favor of the interveners. It is from such judgment that the defendants Brown have appealed to this court.

Appellants first contend that because no finding was made by the trial court either on the issue as to whether the purported assignment by appellants to the interveners actually constituted an assignment, or upon the issue of whether the interveners' assumed right in the premises was barred by the statute of limitations,—the judgment should be reversed. In that connection, an inspection of the record discloses the fact that, following the finding of the value of the property taken, the trial court found that:

"Total compensation proper to be paid to the defendants, Julien Josephson and Vera Josephson, as per assignment to said defendants from Henry West Brown and Eunice Eilene Brown, owners of said parcel of land, $4,000.00.

"Total compensation proper to be paid to the defendants, Henry West Brown and Eunice Eilene Brown, as the owners of said parcel of land, none.''

█ It would seem apparent that a finding as to whether the particular instrument pleaded by the interveners, together with other pertinent instruments and evidence, constituted an assignment, would have been but a conclusion of law, and consequently, dependent upon the particular instrument alone, properly should not be included within the findings of fact; likewise, with reference to the statute of limitations. If the statute was operative against the claim of the interveners, it became so solely by reason of all the facts which dealt with the so-called assignment by defendants to the interveners. In addition thereto, it may be noted that, in so many words, the interveners did not plead an assignment, but that they merely pleaded the instrument *in haec verba* and in effect alleged that by reason of the provisions of such instrument the interveners became entitled "to any and all damages awarded as compensation for the taking of the property . . . ''

█ Although it may appear that by no express finding did the trial court either declare that the instruments by which the said defendants purportedly transferred their rights in and to the award constituted an assignment

thereof, or that such rights of the interveners were not barred by the statute of limitations,—in the circumstances, and especially considering the findings that were made, it is clear that any finding which the trial court might have made with reference to such issues necessarily would have been against the allegations of the defendants in those respects; from which it follows that the contention of appellants in that regard cannot be sustained.

But it is also urged by appellants that the purported assignment was insufficient to result in a transfer of their rights in the award. With respect to such claim on the part of appellants, it appears that it was at a time when a former condemnation proceeding that affected the property of the interveners Josephson was pending, the interveners sold said property to the defendants Brown. As a "part of the deal", the purchasers executed the instrument which hereinbefore has been set forth. In addition thereto, it appears that the sale of the property to defendants was handled through an escrow, and that the escrow instructions on the part of the defendants contained the following provision:

"I will hand you a waiver covering the credit accruing from the condemnation proceedings which you will deliver to the vendor or W. W. F. Cavanaugh or his nominee. (In pencil—Josephson—out.)"

Furthermore, an additional instruction in said escrow was given by defendant W. H. Brown as follows:

"Supplementing my present instructions in the above numbered escrow I hereby waive all rights, title and interest in and to that certain credit or award that will be made to Lot 2 of the Allison Barlow Tract, as per map Book 6, page 150, Records of Los Angeles County, in connection with the widening proceedings of Second Street."

However, as a basis for appellants' contention, it further appears that the condemnation proceeding that was pending at the time when the interveners sold their property to the defendants was thereafter abandoned, and that the instant condemnation proceeding was not commenced until about four years following the date of the abandonment of the first condemnation proceeding. But it will be noted that by the language of the purported assignment the defendants waived "all claims, right, title and interest . . . accruing

from condemnation proceedings . . . that we may have had *or might have in the future* . . . '' In addition thereto, the declaration made by the defendants, contained within the original escrow instructions, was that they would ''hand you a waiver covering the credit accruing from the condemnation proceedings . . . '' Furthermore, by the provision of the supplement to their escrow instructions, the defendants waived all rights ''in and to that certain credit or award that *will be made*'', etc. All such documentary evidence, together with the oral testimony given by one of the interveners, none of which being disputed or controverted in any way, leads to the conclusion that in the sale of the property affected by the condemnation proceedings the interveners reserved to themselves ''the proceeds accruing from condemnation proceedings''; and consequently that the defendants never acquired any interest therein. The only possibility of any right existing in favor of·the defendants must rest upon the fact that the condemnation proceeding that was pending at the time when the sale of the property occurred was later dismissed, and that the instant demand of the interveners was interposed in a condemnation proceeding that thereafter was instituted. But it is not apparent how such a situation could defeat a vested right of the interveners so that they would be dispossessed of it in favor of the defendants, who repeatedly theretofore had waived it in favor of the interveners. By no evidence, oral or documentary, is it claimed that the interveners ever directly surrendered to the defendants the rights in the proceeds of the award which they had reserved to themselves at the time when the sale of the property was made. The language of the original ''waiver'' is broad enough to cover not only any award that might be made in the condemnation proceedings then pending, but as well any such proceedings which might be instituted ''in the future''. And the same thing is true as to the supplemental instruction given by the defendants to the escrow-holder in that thereby the defendants waived ''all rights . . . to that certain credit or award that *will* be made''. From the evidence it would seem entirely improbable that the intention of the parties was that the rights which the interveners reserved in the award were restricted and made applicable solely to condemnation proceedings then pending. As appears by the amount of the award that was actually made

in the instant proceedings, to wit, the sum of $4,000, it was large enough to be considered as a substantial item in the negotiations that took place between the parties to the transaction. To limit the right of the interveners to a recovery or a right to possession of such an amount of money to the proceedings then pending, and consequently to deny it to them should those proceedings be dismissed, even though new condemnation proceedings thereafter should be instituted, would require an interpretation of the agreement and the conduct of the parties that would be wholly at variance not only with the language of the several pertinent instruments and the oral testimony introduced in evidence, but as well contrary to common understanding. As an extreme example of the effect of a ruling favorable to the contention of the appellants, supposing that the condemnation proceedings that were pending at the time when the sale of the property was made had been dismissed because of some technical defect in the institution thereof, and that on the very next day thereafter a new condemnation proceeding covering the identical subject matter of the former condemnation proceeding had been brought: would it be claimed, or even suggested, that in such circumstances the interveners had lost their rights in the premises? If so, the property rights of the interveners would or might depend solely upon the whim or caprice of the condemner in the action. After all, the determination of the rights of the respective parties depends upon the construction which should be placed upon the evidence. Evidently the trial court was of the opinion that the interveners should prevail. This court cannot discover any compelling reason for setting aside its conclusion in the premises.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 26, 1934, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 30, 1934.

Curtis, J., voted for a hearing.